UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHAFIQA BAHRAM                                    CASE NO.  6:26-CV-02663 SEC P

VERSUS                                            JUDGE JAMES D. CAIN, JR.

BRIAN ACUNA ET AL                                 MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM ORDER

Before the court is a Motion for Preliminary Injunction [doc. 6] filed by immigration detainee Shafiqua Bahram. Petitioner, a native of Afghanistan, admits that she entered this country in September 2024 and was placed in removal proceedings. She seeks relief through a petition filed under 28 U.S.C. § 2241 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Doc. 2. She has also moved for a temporary restraining order ("TRO") and preliminary injunction authorizing her immediate release. Doc. 6. She maintains, with support of a physician letter, that she has suffered serious physical and psychological harm as a result of her detention. *See* doc. 2, att. 2.

This matter was originally filed in the United States District Court for the Eastern District of Louisiana, which denied petitioner's request for a TRO and set a briefing schedule as to her request for preliminary injunctive relief. Doc. 12. The court also ordered the parties to address whether the matter should be transferred to this court, because petitioner is presently detained at the South Louisiana ICE Processing Facility in Basile, Louisiana. *Id.* The government opposed the motion and argued for transfer, which the

Eastern District granted. Docs. 14, 18. Accordingly, petitioner's request for preliminary injunctive relief [doc. 6] is now fully briefed and pending before the undersigned.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex.  May 20, 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for preliminary injunctive relief seeks to accelerate her request for the ultimate relief requested under her habeas petition. While her health concerns appear supported, there is insufficient evidence that they are critical. As the Eastern District noted, petitioner's claim of irreparable injury is only speculative. Petitioner

Page 2 of 3

contends in reply [doc. 16] that her detention is causing worsening psychological symptoms, but respondents have not had a full opportunity to evaluate these claims on an expedited briefing schedule. Courts should not allow petitioners to skip the line on habeas review through requests for preliminary injunctive relief. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). This matter can instead be fully adjudicated on an expedited briefing schedule before the magistrate judge. Accordingly, **IT IS ORDERED** that the Motion [doc. 6] be **DENIED**. The petition [doc. 2] is **REFERRED** to the magistrate judge for review, report, and recommendation on an expedited schedule to be set at his discretion.

      **THUS DONE AND SIGNED** in Chambers on the 3rd day of August, 2026.

                **JAMES D. CAIN, JR.**
          **UNITED STATES DISTRICT JUDGE**